RAMSDELL *v.* EATON.

## Orrin P. Ramsdell v. Alexander Eaton & others.

*Parties to foreclosure suit.* The description of premises in a mortgage was erroneous in one particular, and a person was made defendant in a suit to foreclose it as a subsequent purchaser or incumbrancer, who owned land which might be interfered with by the erroneous description, but who had never been incumbrancer or owner of the mortgaged premises as identified by the proofs. It was held that he was improperly made a party, and the bill as to him was dismissed.

*Abbreviated names : allegation of identity.* A mortgage was given by " Alexander Eaton, Junior" to " O. P. Ramsdell." A bill was filed to foreclose it, by *Orrin* P. Ramsdell against Alexander Eaton. The bill was in the usual form, but contained no allegation that the parties to the suit were identical with the parties to the mortgage. Eaton suffered the bill to be taken as confessed ; but a successful defense being interposed by another defendant who was improperly made a party, the Court dismissed the bill as to all, for want of such allegation of identity. Held that this was erroneous. The question of identity was open to proof, if disputed, and the *pro confesso* admitted it as against the mortgagor.

*Heard October 16th. Decided December 5th.*

Appeal from Saginaw Circuit in Chancery.

The bill was filed by Orrin P. Ramsdell against Alexander Eaton, Louisa P. Eaton and Moses B. Hess, to foreclose a mortgage signed by " Alexander Eaton, *Junior*," and Louisa P. Eaton, his wife, and given to " O. P. Ramsdell," upon premises described as " The east twenty feet of the west half of lot twelve in block eighteen ; that is to say, commencing sixty feet from the north-east corner of lot twelve on Plank Road street, thence northerly sixty feet to the line between lots eleven and twelve, thence westerly on said line twenty feet, thence southerly sixty feet to the Plank Road street, thence easterly on the line of Plank Road street twenty feet to the place of beginning. In the village of East Saginaw." Hess was made defendant by the general allegation, as a subsequent incumbrancer or purchaser. There was no direct averment in the bill that Orrin P. Ramsdell, the complainant, was identical with O. P. Ramsdell, the mortgagee, or that Alexander Eaton, Junior, was identical with Alexander Eaton. Eaton and his wife suffered the bill to be taken as confessed, but Hess defended.

It appeared from the evidence that "The east twenty feet of the west half of lot twelve in block eighteen" was the land intended to be mortgaged, but that the lines given by the remainder of the description in the mortgage would not embrace this, and would include lands owned by Hess. Hess had never had any interest in the first mentioned description, and his defense was, that he did not claim his own land through the mortgagors or either of them, and that neither of them had ever had any interest in it.

The Court below dismissed the bill, not only as to Hess, but also as to the Eatons.

*Walker & Kent* for complainant.

*W. L. Webber*, for defendant Hess, argued that there was a variance between the mortgage described in the bill and the one offered in evidence. The names being different, the Court could not presume the parties to be identical: — 11 *Wend.* 522; 10 *Paige*, 170; 4 *Pick.* 497; 14 *Pick.* 212; 18 *Pick.* 455; 17 *Pick.* 200; 3 *Met.* 330; 10 *Mass.* 203; 2 *Cai.* 165. Also, that on a simple foreclosure bill, containing no allegation of error or mistake, the Court could not correct the mistake in the description of land: 17 *Johns.* 146; 8 *Wend.* 183; 5 *Wend.* 142; 7 *Ohio, N. S.* 99; 1 *Greenl. Ev.* § 301; 3 *Mich.* 172; 4 *McLean*, 481; 10 *Ohio*, 433; 11 *Barb.* 173; 4 *B. & Ad.* 787; 5 *B. & Ad.* 43; *Wal. Ch.* 172.

CAMPBELL J.:

The bill in this cause was filed to foreclose a mortgage given upon a parcel of land, the description of which, when applied by testimony to the land, was found to contain one erroneous point of departure. It was given to "O. P. Ramsdell" and signed "Alexander Eaton, Jr.," Defendant Hess was made a party as claiming as

a subsequent incumbrancer or purchaser. He answered, and upon testimony taken it appeared that he was the owner of the east half of lot twelve in block eighteen, and that Alexander Eaton never owned or claimed that portion of the lot. The evidence showed that Eaton owned the easterly twenty feet of the west half, and the only ambiguity which rendered this inquiry material, was in making a starting point of a point sixty feet from the northeast, instead of the southeast corner, which would, if followed, have interfered with Hess's right, but which the case shows clearly to have been a clerical error. The Court below dismissed the bill without prejudice, as against all of the defendants, although it had been taken as confessed against all but Hess. This dismissal as to the others was based on a supposed variance between the names of the parties to the bill and the parties to the mortgage, there being no allegation of identity. Complainant appeals.

So far as Hess is concerned the bill was properly dismissed. There is no evidence tending to show that he was properly brought in as an incumbrancer or owner of the mortgaged premises, as identified by the proof. He is entitled, therefore, to an affirmance of the decree, with costs.

The bill having been taken as confessed as against the other defendants, and the identity of the parties being open to proof if questioned, it must be assumed that it is admitted by the pro-confesso that defendants executed to complainant the mortgage set forth in the bill. As between the parties this is sufficient, and it does not concern Hess if he is not retained as a defendant.

The decree must be affirmed with costs as to Hess, and reversed as to the other defendants. A decree must be entered in the usual form for a foreclosure and sale, to satisfy the sum of $641.85, with interest at 10 per cent.

from April 26th, 1862, unless paid within ninety days, together with costs of the Circuit Court. As Eaton and wife have not defended in either Court, complainants are not entitled to costs on appeal against them.

MANNING AND CHRISTIANCY JJ. concurred.

MARTIN CH. J. was absent.